UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN, et al.,<br><br>Defendants. | No. 2:18-cv-3089 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On May 8, 2019, plaintiff filed a motion for an order of service. ECF No. 11. Thereafter, on July 16, 2019, he filed a motion for a temporary restraining order ("TRO"). ECF No. 13. For the reasons stated below, plaintiff's motion for an order of service shall be denied as premature. In addition, the undersigned shall recommend that plaintiff's TRO motion be denied.

I.     PLAINTIFF'S MOTION FOR AN ORDER OF SERVICE

Plaintiff's motion for an order of service appears to ask that defendants be served in this action. See ECF No. 11 at 1. Given that the court has yet to find that all the claims

////

1

in plaintiff's complaint are viable and as a result, suitable for service upon defendants, plaintiff's request is premature. Therefore, it shall be denied as such.

II.     PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

    A.      Relevant Facts

Plaintiff requests a that restraining order issue against Warden Jeff Lynch and against prison officers Buckley, Erickson and Aldrich at California State Prison – Sacramento ("CSP-Sacramento")[1] because they used excessive force against him on June 27, 2019. See ECF No. 13 at 1-2. Plaintiff claims that he is "likely to be brutally assaulted or killed" or "possibly [ ] harmed" by prison officials and medical staff who are associated with the defendants if a TRO is not issued. See id. at 3-4 (brackets added). He also claims that as a pretrial detainee who is under civil commitment and housed by the CDCR for treatment, not punishment, he is entitled to a higher standard of care with respect to security. See id. at 4-5.

    B.      Applicable Law and Discussion

A TRO is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A) (brackets added). For a TRO to issue, a presently existing actual threat must be shown, although the injury need not be certain to occur. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co. v Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co., 844 F.2d at 674; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). A plaintiff must

////

---

[1] Plaintiff's TRO motion does not state where the named individuals he wishes to be subject to the TRO are employed. See generally ECF No. 13. However, the proof of service page of the TRO motion states that plaintiff was located at CSP-Sacramento when it was filed. See ECF No. 13 at 22. Therefore, although plaintiff's filing is unclear, the court presumes that this is where the individuals are employed.

demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Caribbean Marine Servs. Co., 844 F.2d at 674.

In addition, the court must have jurisdiction over the defendants against whom plaintiff wishes the TROs to issue. Warden Jeff Lynch, and Officers Buckley, Erickson and Aldrich are not named defendants in this action. See ECF No. 1 at 1-2 (showing complaint naming only Baughman, Tebrock, Rios and White of New Folsom State Prison as defendants). Furthermore, the events alleged in plaintiff's complaint with the original defendants occurred in October 2018 at New Folsom State Prison (see generally ECF No. 1 at 1-9), whereas the excessive force events alleged in the TRO against the second set of defendants occurred in June 2019 at what appears to have been CSP-Sacramento, a completely different prison (see generally ECF No. 13 at 22). Thus, the events on the two dates do not appear to arise out of the same transaction or occurrence as required by law. Accordingly, to the extent plaintiff intended to do so, they may not be joined. See Fed. R. Civ. P. 20(a)(2)(A) (permitting joinder of defendants into one action when right to relief arises out of same transaction or occurrence or series of transactions or occurrences). This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp., 395 U.S. at 112 (stating non-party without notice cannot be held in contempt until shown to be in concert or participation).

Finally, even if the CSP-Sacramento individuals were proper defendants, in the TRO plaintiff states that assault or harm to him is "likely" or "possible." See ECF No. 13 at 3-4. The fact that any harm to plaintiff is, by his own admission, speculative, also precludes this court from issuing a TRO. See Caribbean Marine Servs. Co., 844 F.2d at 674. For these reasons, the undersigned shall recommend that plaintiff's TRO motion be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign a District Court Judge to this action, and

2. Plaintiff's motion for an order of service, filed May 18, 2019 (ECF No. 11), is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order, filed July 16, 2019 (ECF No. 13), be DENIED.

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE