UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BAUGHMAN, et al.,<br><br>Defendants. | No. 2:18-cv-3089 AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated herein, plaintiff's in forma pauperis application shall be granted. However, because plaintiff has stated that he is a civil detainee, an order directing the custodial prison to collect filing fees from plaintiff's trust account will not issue. Plaintiff will also be given the opportunity to amend the complaint.

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

A civil detainee is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and 42 U.S.C. § 1997e(h). See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[O]nly individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997(e) and 28 U.S.C. § 1915."). Accordingly, petitioner is not subject to the Prison Litigation Reform Act's requirements regarding the payment of administrative fees. Civil detainees are also not subject to the PRLA's administrative exhaustion requirement. Id.

Should it be determined at a later date that plaintiff is not, in fact, a civil detainee, the court shall issue an order that requires plaintiff to pay the fees, and the continued review of this action will be contingent upon whether plaintiff had, in fact, exhausted his administrative remedies prior to filing this action.

II. SCREENING REQUIREMENT

The court is required to screen complaints brought by all complainants proceeding in forma pauperis. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.") The court must dismiss a complaint or portion thereof if the litigant has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

III. <u>PLEADING STANDARD</u>

A. <u>Generally</u>

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda Cty.</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Id.</u> Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> at 677-78.

B. <u>Linkage Requirement</u>

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See <u>Jones v.</u>

Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

IV. PLAINTIFF'S COMPLAINT

Plaintiff names David Baughman the Warden of New Folsom State Prison ("NFSP"), Katherine Tebrock, the Director of Mental Health Care at NFSP, and NFSP prison officers Rios and White as defendants in this action. See ECF No. 1 at 1-2. The complaint states three claims arising from an October 26, 2018 incident in which Officers Rios and White refused plaintiff's request to be place in ad seg for his own safety, and instead forcibly removed him from his suicide watch cell and moved him to a different cell block. ECF No. 1. During the extraction and transfer, plaintiff's right ear was damaged, and he experienced hearing loss and dizziness as well as ongoing pain on the right side of his face. See id. at 3-9.

Claim One alleges that Rios and White used excessive force when removing plaintiff from his cell. See ECF No. 1 at 5-6. Specifically, plaintiff avers that Rios and White put plaintiff in handcuffs and then repeatedly punched him in the face and threatened to kill him. Id. Claim Two alleges that plaintiff's removal from his cell was a cell extraction that violated applicable prison policies and Title 15. Id. at 7-8. Claim Three focuses on defendants' refusal to place plaintiff in ad seg for his own protection, as he had requested. Id. at 9.

////

////

V.      APPLICABLE LAW[1]

   A.   Excessive Force

The Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, applies to excessive force claims by civilly committed individuals. Hydrick v. Hunter, 500 F.3d 978, 997 (9th Cir. 2007), vacated on other grounds, 556 U.S. 1256 (2009). Persons who have been involuntarily committed are generally entitled to more considerate treatment and conditions of confinement than are criminal offenders serving their sentences. Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). As a result, they are to be afforded reasonably safe conditions of confinement and freedom from unreasonable bodily restraints. See Youngberg, 457 U.S. at 319-22.

The Fourth Amendment establishes the substantive standards applicable to excessive force claims that are brought under the Fourteenth Amendment. See Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003) (discussing standards applicable to pretrial detainees). Accordingly, an objective reasonableness standard applies. Lolli, 351 F.3d at 415. The issue is whether defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Id. The nature and quality of the intrusion on plaintiff's Fourth Amendment interests must be balanced against the countervailing governmental interests at stake. Id. Factors may include the severity of the incident giving rise to the use of force, whether plaintiff posed an immediate threat to the safety of defendants or others, and whether plaintiff was actively attempting to avoid being subdued or brought under control. See Gibson v. County of Washoe, 290 F.3d 1175, 1198 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

   B.   Conditions of Confinement

Plaintiff's right to constitutionally adequate conditions of confinement as a civil detainee is protected by the substantive component of the Due Process Clause. See Youngberg, 457 U.S.

---

[1] The court accepts for screening purposes plaintiff's representation that he is a civil detainee. The attachments to the complaint indicate that plaintiff in in CDCR custody pursuant to Cal. Code Welf. & Inst. § 7301, which permits the transfer to CDCR of certain persons committed to a state hospital. See ECF No. 1 at 24.

5

at 314-16.  A determination as to whether a plaintiff's rights were violated requires "balancing his liberty interests against the relevant state interests."  Youngberg, 457 U.S. at 320-21.  To avoid a constitutional violation, there must be a reasonable relationship between "the conditions and duration of confinement" and the purpose for which the civilly confined person is committed.  Seling v. Young, 531 U.S. 250, 265 (2001).

To prevail on a Fourteenth Amendment claim regarding conditions of confinement, a plaintiff need not prove deliberate indifference on the part of a government official.  See Jones, 392 F.3d at 934.  A detainee's conditions of confinement must be excessive in relation to the government's legitimate, non-punitive interests in security and effective facility management.  See Jones v. Blanas, 393 F.3d 918, 932-35 (9th Cir. 2004).  The negligence of prison officials, however, is not sufficient to trigger the substantive due process protection of the Fourteenth Amendment.  See Daniels v. Williams, 474 U.S. 327, 330-33 (1986).

It is clearly established in this circuit that "'(1) [civil detainees] have a constitutional right to be safe in the state institution to which they are committed, and that (2) in the face of known threats to [a civil detainee's] safety, state officials may not act (or fail to act) with conscious indifference, but must take adequate steps in accordance with professional standards to prevent harm from occurring.'"  Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1030 (9th Cir. 2011) (quoting Neely v. Feinstein, 50 F.3d 1502, 1508 (9th Cir. 1995)).

VI. DISCUSSION

A. Excessive Force Claim(s)

Plaintiff's allegations in Claim One that Rios and White handcuffed him and then punched him in the face are sufficient to support a claim of excessive force.  Although plaintiff characterizes this claim as brought under the Eighth Amendment and involving "cruel and unusual punishment," the claim is appropriately brought under the Fourteenth Amendment if plaintiff is a civil detainee.  The issue therefore is whether the force used was reasonable under the circumstances as required by the Fourth Amendment, not whether it violated the prohibition on cruel and unusual punishment.

Plaintiff's allegations in Claim Two that Rios and White performed a cell extraction that was inconsistent with Title 15 and prison policy does not state a cognizable claim for relief. Violations of prison regulations and state law do not amount to violations of constitutional rights and will not support a civil rights claim under § 1983. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). To the extent that Claim Two alleges that defendants used unreasonable force in removing plaintiff from the cell, it is duplicative of Claim One and therefore unnecessary.

B. Conditions of Confinement/Failure to Protect Claim

Claim Three does not include enough facts for the court to determine whether plaintiff has stated a claim for unconstitutional failure to protect his safety. Plaintiff alleges that Rios and White were deliberately indifferent to his safety concerns when they denied his request to be placed in administrative segregation. However, plaintiff provides no information about his specific safety concerns, defendants' knowledge of the threat to his safety, and the reason he was moved by defendants. These circumstances are necessary to determine whether plaintiff can plausible claim that defendants' actions were not related to legitimate, non-punitive interests in security and effective facility management. See generally Jones, 393 F.3d at 932-35.

Plaintiff's statement that he is a civil detainee with mental health issues is not enough to establish that he had a right to be placed in administrative segregation, and that the denial of that placement rose to the level of a constitutional violation. In general, an individual has no constitutional right to incarceration in a particular area of a prison. See Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991) (inmate has no right to housing in less restrictive section of facility); Atiyeh v. Capps, 449 U.S. 1312, 1315-16 (1981) (Eighth Amendment does not require inmates be housed in manner that avoids confrontation); Lyon v. Farmer, 727 F.2d 766, 768 (8th Cir. 1984) (stating transfer within prison is within discretion of prison officials). To demonstrate a violation of his right to safety, plaintiff must allege facts demonstrating that there was a known threat to his safety and that defendants acted with conscious indifference to that risk and without taking steps to prevent harm. See Ammons, 648 F.3d at 1030.

////

7

C. Other Defendants

The complaint focuses on the actions of defendants Rios and White. Warden David Baughman and NFSP's Director of Mental Health, Katherine Tebrock, are also named as defendants, but plaintiff makes no allegations that they directly participated in the alleged violations of his rights. Rather, plaintiff asserts that these defendants were responsible for insuring the safety and well-being of civil detainees under their supervision and failed to do so. See generally id. at 3-4. Plaintiff further contends that defendant Tebrock had a particular obligation to ensure the safety and well-being of civil detainees who are protected under the Americans with Disabilities Act. See id. at 4.

These assertions do not support § 1983 liability. There is no vicarious liability under the civil rights statute. Iqbal, 556 U.S. at 676. Plaintiff may state claims against Baughman and Tebrock only to the extent he can allege that they actively participated in causing the violation of his rights.

VII. OPTIONAL LEAVE TO AMEND

Plaintiff's complaint will be dismissed with leave to amend. If plaintiff chooses to file an amended complaint, it will take the place of the original. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See E.D. Cal. L.R. 220. This is because an amended

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

VIII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

You state that you are a civil detainee. If so, the Prison Litigation Reform Act does not apply to you. That means (1) you are not required to pay the filing fee, and (2) you are not required to have exhausted your administrative remedies before filing the complaint. So you will be permitted to continue for now without having paid the fee, and whether or not you exhausted your administrative appeals. If it turns out that you are not a civil detainee, you will have to pay the filing fee after all and will only be allowed to continue with this case if the court determines that you did exhaust your administrative remedies before filing this action.

It looks like you have the basis for an excessive force claim, but there are several problems with the complaint. Because the complaint is not appropriate to be served on defendants in its current form, you will be given the chance to file an amended complaint. When you amend, try to correct the following issues.

You have stated enough facts about defendants Rios and White assaulting you to state a claim for excessive force. An excessive force claim by a civil detainee is brought under the Fourteenth Amendment, not the Eighth Amendment.

You cannot base a constitutional claim on allegations that the cell move amounted to a "cell extraction" that didn't comply with Title 15 and prison regulations. Violations of Title 15 and prison regulations, or other state law, don't violate the U.S. Constitution.

If you are trying to claim that your right to safe conditions of confinement was violated when Officers Rios and White refused your request for ad seg, you need to explain the exact threat to your safety, what the defendants knew about that threat, and what they did or said that shows they didn't care about your safety.

9

To sue the Warden or the Director of Mental Health, you have to state facts showing that they were personally involved in what happened to you, and did something or failed to do something that caused the violation of your rights.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed November 30, 2018 (ECF No. 2), is GRANTED;

2. As a civil detainee, plaintiff shall <u>not</u> be required to pay the standard administrative filing fees in order to proceed with this action. <u>See</u> 28 U.S.C. § 1915(h) and 42 U.S.C. § 1997e(h); <u>see</u> <u>also</u> <u>Page v. Torrey</u>, 201 F.3d 1136, 1140 (9th Cir. 2000);

3. The instant complaint, filed November 30, 2018 (ECF No. 1), is DISMISSED with leave to amend, and

4. Within thirty days of the date of this order, plaintiff shall file an amended complaint.

DATED: August 12, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE