UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:18-cv-3089 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 26, 2019, plaintiff filed a "motion to disqualify judges [sic] actions." ECF No. 17. In this filing, plaintiff asks that the undersigned disqualify the magistrate judge who currently presides over his case numbered 18-cv-3224 EFB. Plaintiff complains that the assigned magistrate judge charged plaintiff filing fees in that case. See id. at 1, 3. Plaintiff contends that as a civil detainee, he is not required to pay filing fees to proceed with that action. See id. at 2-5. He also requests that this court order all fees that he has improperly paid in other cases be returned to him. See id. at 5-6.

The undersigned has no authority over cases assigned to other judges in this district. Only the magistrate judge or district judge assigned to a case may reconsider prior orders.

Furthermore, 28 U.S.C. § 455 provides guidelines for the disqualification of judges. This statute does not provide for the disqualification of a magistrate judge for the alleged improper assignment of filing fees. See generally 28 U.S.C. § 455. For these reasons, this court must deny plaintiff's motion to disqualify the magistrate judge presiding over case number 18-cv-3224 EFB, and his request ore a refund of fees. Plaintiff must address the propriety of fee charges with the judges assigned to each of his other cases.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to disqualify, filed August 26, 2019, is DENIED.

DATED: September 3, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE