UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:18-cv-3089 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court are plaintiff's motion for a preliminary injunction and protective order[1] and plaintiff's motion for summary judgment. For the reasons stated below, the undersigned will recommend that both motions be denied.

I. MOTION FOR PRELIMINARY INJUNCTION

A. Relevant Factual Allegations

In support of the motion for a preliminary injunction, plaintiff asserts that defendants Rios and White "have targeted [him] for retaliation by using other officers to tamper[] with [his] mail

---

[1] Although plaintiff requests a protective order, this matter has not reached the discovery phase. Therefore, the motion will be construed solely as a motion for a preliminary injunction.

1

and [by] using other inmates to assault [him] [and] threaten[] to kill [him] if he doesn't drop the excessive force claim in this case." ECF No. 31 at 2.  Plaintiff also claims that another prison official who is not a named defendant in this case told plaintiff that he is friends with defendants Rios and White, and he also threatened to have plaintiff killed if he did not drop the excessive force claims against them.  See id. at 2-3.  Plaintiff also claims that defendants' coworkers have denied him exercise on the yard and have put urine in his food.  Id. at 3.  As a result, he is afraid to eat and is losing weight.  Id.  Plaintiff further alleges that prison officials have denied him phone calls, canteen access, and mental health treatment.  ECF No. 31 at 3-4.  Plaintiff also makes other allegations against defendants who are not litigants in this action.  Id. at 4-5.

Plaintiff claims that the aforementioned harassment began in July 2022, shortly after the court issued the service order in this case.  ECF No. 31 at 4.  He asks that the court issue an order that transfers him out of prison custody and places him in the Department of State Hospital in order to eliminate the threat of excessive force and additional retaliation against him.  Id. at 7.

      B.  <u>Applicable Law</u>

"A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [ ] (footnotes omitted); it is never awarded as of right, <u>Yakus v. United States</u>, 321 U.S. 414, 440 (1944)." <u>Munaf v. Geren</u>, 553 U.S. 674, 689-90 (2008).  "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits'." <u>Sierra Forest Legacy v. Rey</u>, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing <u>L.A. Memorial Coliseum Comm'n v. NFL</u>, 634 F.2d 1197, 1200 (9th Cir. 1980)); <u>see</u> also 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (2d ed. 2010).

When evaluating the merits of a motion for preliminary injunctive relief, the court considers whether the movant has shown that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council</u>, 555 U.S. 7, 20 (2008); <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting <u>Winter</u>).  The propriety of a request for injunctive relief hinges on a significant

threat of irreparable injury that must be imminent in nature. <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988); see also <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). A district court may not issue preliminary injunctive relief without primary jurisdiction over the underlying cause of action. <u>Sires v. State of Washington</u>, 314 F.2d 883, 884 (9th Cir. 1963). Furthermore, an injunction against individuals who are not parties to the action is strongly disfavored. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110, 112 (1969).

### C. <u>Analysis</u>

Plaintiff's motion for a preliminary injunction should be denied. First, plaintiff asks the court to enjoin the alleged actions of individuals who are not parties to this action. <u>See</u> generally ECF No. 31 at 1-7. He states that some of the individuals who are harming him are defendants in another action he has open in this district. <u>See id.</u> at 4-6. In addition, he alleges threatened harm from prison officials other than the defendants in this action – Rios and White – in relation for his claims against Rios and White. <u>See id.</u> at 1-7. In other words, plaintiff fails to identify any specific, potentially irreparable harm he has experienced at the hands of defendants Rios and White, the only individuals over which this court has jurisdiction. <u>See</u> generally <u>id.</u>

Because the other individuals named in the motion are not parties to this action, this court has no authority to enjoin their actions. <u>See Zenith Radio Corp.</u>, 395 U.S. at 112 (identifying notice and active concert or participation requirements prior to entering injunction against individual). Instead, plaintiff must seek separate injunctive relief against those defendants in the case involving them.

Next, it remains to be seen whether plaintiff has a reasonable likelihood of success on the merits in this case. Plaintiff has made only a threshold showing, at the screening stage, that defendants may have violated his constitutional rights. <u>See</u> ECF Nos. 25, 27 (plaintiff's first

3

amended complaint and court's screening order, respectively).  Since then, the case has been stayed and referred to the court's Post-Screening ADR Project.  See ECF Nos. 33, 34.  On the present record, there is no basis for a finding that plaintiff is likely to succeed on the merits should the case fail to settle.

Additionally, plaintiff has not shown that he is likely to suffer irreparable harm absent preliminary injunctive relief.  Even if defendants Rios and White were involved in the deprivation of plaintiff's canteen and phone calls, the results of their actions would not rise to the level of irreparable harm.  Although deprivation of mental health treatment and yard exercise (as well as putting urine in plaintiff's food) might lead to serious harm, here again, plaintiff fails to identify with any specificity who inflicted these harms on him and when.  He does not detail the extent of the harm he has experienced or the period of time over which the alleged incidents occurred.  For these reasons, plaintiff has not met his burden as to irreparable harm.

Finally, to the extent that plaintiff asks the court to issue an order to have him transferred to the Department State Hospital (ECF No. 31 at 6-7), plaintiff has no right to any specific housing assignment or placement.  See generally Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (prisoner had no constitutional right to a particular classification status).  Moreover, the Supreme Court has specifically expressed its disapproval of excessive judicial involvement in day-to-day prison management.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

For all these reasons, it will be recommended that plaintiff's motion for injunctive relief be denied.

II.     MOTION FOR SUMMARY JUDGMENT

Plaintiff has also filed a motion for summary judgment.  ECF No. 36.  This case is presently stayed.  On August 19, 2022, the case was stayed for 120 days and referred to the Alternative Dispute Resolution Project ("ADR Project").  ECF No. 33 at 2.  Defendant's deadline to opt out of the ADR Project was subsequently extended.  ECF Nos. 34, 35.  Motions filed during a stay are unauthorized, and must be stricken or summarily denied as premature.  The instant motion is also premature because there has been no answer or other response to the

complaint. For these reasons, the undersigned will recommend that plaintiff's motion for summary judgment be denied as premature.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a preliminary injunction (ECF No. 31) be DENIED; and

2. Plaintiff's motion for summary judgment (ECF No. 36) be DENIED as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 26, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE